Filed 1/29/25  In re Anthony B. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re ANTHONY B., a Person Coming Under the Juvenile Court Law. | B339198 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK15312A) |
| Plaintiff and Respondent, | |
| v. | |
| THOMAS H., III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lucia J. Murillo, Juvenile Court Referee. Dismissed.

Thomas H. III, in pro.per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On June 19, 2018, the juvenile court terminated the parental rights of appellant Thomas H. III (Father), to his son A.B. (born 2016).  This court affirmed the termination of Father's parental rights.  (*In re A.B.* (Feb. 1, 2019, B290838) [nonpub. opn.].)  A.B.'s adoption was finalized on September 9, 2019.

Father has filed multiple Welfare and Institutions Code[1] section 388 petitions seeking to reunify with his child, all of which we have denied.  Father has appealed each denial, and we dismissed each appeal.  We dismissed Father's most recent appeal on June 6, 2024.  (*In re A.B.* (June 6, 2024, B332183) [nonpub. opn.].)

One week later, on June 13, 2024, Father filed another petition under section 388 asking to "reopen the case to gain custody of my son."  He stated, "I feel because I'm [A]fro [A]merican that they feel I won't be a great parent." On June 17, 2024, the juvenile court denied the petition without a hearing, and Father appeals.  In his opening brief, Father states, "My JV-180 forms keep getting denied and it feels like an abuse of discretion."

We must dismiss this appeal too.  Father filed this section 388 petition almost six years after his parental rights were terminated.  We understand Father believes his son's case should be reopened.  The law is clear that it is too late for that.  No court has the power to reopen the case.  (§ 366.26, subd. (i)(1).)

---

[1]     Statutory references are to the Welfare and Institutions Code.

As we have stated to Father in our prior opinions, a biological parent whose parental rights have been terminated generally lacks standing to file a modification petition pursuant to section 388.  Except for very narrow circumstances not present here, once the termination order has been issued, the juvenile court has "no power to set aside, change, or modify it."  (§ 366.26, subd. (i)(1).)

The juvenile court lacked jurisdiction to consider Father's petition.  So do we.  We therefore dismiss the appeal.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994 [where appellant does not establish error, the reviewing court may dismiss the appeal].)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.